WENTWORTH, Judge,
concurring.
I agree with the opinion and disposition in this case* but would note also that the statutory requirement is that “the division shall ... use a schedule for determining the existence and degree of permanent impairment ...” and “pending the adoption, by rule, of a permanent schedule, Guides ... shall be used for the purposes hereof.” § 440.15(3)(a)3. The burden is accordingly on the deputy to determine whether the specific medical testimony shows a permanent impairment under the Guides. Paradise Fruit Co. v. Floyd, supra. The adequacy of a physician’s testimony to prove permanent impairment under the Guides is therefore one of substance and not form, and is to be determined by the deputy based upon the evidence and not solely by a physician’s express application or failure to apply the Guides to his medical findings, subject of course to explicit statutory requirements. Gf., § 440.25(3)(b), Florida Statutes, and Paradise Fruit Co. v. Floyd, supra.